UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
Moses Clary

       Petitioner,

  v.

United States of America,

       Respondent.
_____

Hon. Joseph H. Rodriguez

Civil Action No. 12 – 4384

**Memorandum Order**

This matter comes before the Court by way of Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence by Person in Federal Custody and the Government's Motion to Dismiss Petitioner's Motion. The Court has reviewed the instant Motions and notes that it lacks jurisdiction over Petitioner's Motion for the reasons set forth in the Government's Motion to Dismiss. Specifically, under the Antiterrorism and Effective Death Penalty Act, a Petitioner seeking to file a second or successive § 2255 motion must obtain from the United States Court of Appeals a certification that the second or successive motion contains newly discovered evidence or a new rule of constitutional law. 28 U.S.C. § 2255(h).[1] Here, Petitioner's Motion

---

[1] Title 28 U.S.C.A. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> 1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

constitutes a second or successive § 2255 petition; however, the United States Court of Appeals for the Third Circuit denied Petitioner the requisite certification to bring such an action before this Court, which is required for this Court to exercise jurisdiction over Petitioner's Motion.[2]  Accordingly, because this Court lacks jurisdiction over this matter and cannot reach the substance of Petitioner's Motion,

IT IS on this 15th Day of May, 2013 hereby

ORDERED that Petitioner's Motion is dismissed.

/s/ Joseph H. Rodriguez  
Hon. Joseph H. Rodriguez  
UNITED STATES DISTRICT JUDGE

---

[2] Here, the Court notes that Petitioner filed his first § 2255 petition on August 9, 2001, arguing that his guilty plea was unlawfully induced by his own counsel and that he was denied effective assistance of counsel at sentencing and on appeal because he was not advised that this Court failed to properly inform and question him at the plea hearing.  This Court dismissed this petition after determining that, at Petitioner's plea hearing, Petitioner understood that he waived his right to collaterally attack his sentence and that this waiver was made knowingly, intelligently, and voluntarily and Petitioner failed to present any evidence that his waiver was not knowing, intelligent, or voluntary.  Clary v. United States, 01-3831, Dkt. 6.  Subsequently, on November 28, 2011, Petitioner sought leave from the United States Court of Appeals for the Third Circuit to file a second or successive habeas petition, claiming that "new evidence" of a "brain disorder" and "drug influence" casts doubt on his competency during his plea hearing. Clary v. United States, 11-4247.  The Third Circuit denied Petitioner's Motion on December 29, 2011.  Clary v. United States, 11-4247.  However, notwithstanding the Third Circuit's denial, Petitioner filed the instant § 2255 petition on June 28, 2012, through which Petitioner again challenges the voluntary nature of his guilty plea.  [Dkt. 1].  The instant petition constitutes Petitioner's second petition pursuant to 28 U.S.C. § 2255.